UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HAKOP JACK MELKONYAN,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER STEPHEN SANTIAGO, et al.,<br><br>    Defendants. | No. CV 17-628 CJC (AJW)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH PREJUDICE |

Plaintiff, proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C § 1983. On September 25, 2017, defendants filed a motion for summary judgment. [Docket No. ("Dkt.") 25]. The Court issued a briefing schedule which informed plaintiff of the requirements for opposing a motion for summary judgment. [Dkt. 27]. On September 28, 2017, the Court issued an amended briefing schedule providing plaintiff to and including October 25, 2017 in which to file and serve an opposition, and cautioning plaintiff that pursuant to Local Rul 7-12, the Court may decline to consider any document not filed within the deadline. [Dkt. 28]. As of the date of this order, plaintiff has neither filed an opposition to the motion for summary judgment nor requested additional time within which to do so.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal.

L. R. 41-1; Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995). In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or rules, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig.,460 F.3d 1217, 1226-1228 (9th Cir. 2006). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same. See, e.g., Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir.) (failure to comply with orders), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (failure to comply with local rule).

In this case, the first, second, and third factors favor dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (noting that the first factor – the public's interest in the expeditious resolution of litigation – "always favors dismissal") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), cert. denied, 538 U.S. 909 (2003); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1065 (9th Cir. 2004) (discussing the second factor – the court's need to manage its docket – and stating that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket"); In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (stating with regard to the third factor – the risk of prejudice – that in the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay).

As to the fourth factor, plaintiff has been notified about his obligation to comply with court-ordered deadlines and the possible consequences of failing to do so. Specifically, plaintiff was informed that he is bound by the national and local rules. [Dkt. 20]. See C. D. Cal. Local R. 83-2.2.3 (pro se litigants are bound by the national and local rules) ; C.D. Cal. L.R. 83-2.2.4 (a pro se litigant's failure to comply with the national and local rules may be grounds for dismissal or judgment by default). Both the national and local rules require plaintiff to file an opposition to a summary judgment motion. See, e.g., Fed. R. Civ. P. 41(b) , 56; C.D. Cal. L.R. 7-9, 7-12, 41-1, 56-2. Plaintiff also was notified by the Court about the requirements

for responding to a motion for summary judgment. See Rand v. Rowland, 154 F.3d 952, 960-961 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); see also C.D. Cal. L.R. 56-2. [Dkt. 27]. Thus, plaintiff has been warned in more than one written order of his obligation to comply with the national and local rules and was on notice that of the possibility that noncompliance could lead to dismissal. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").[1]

Finally, although the fifth factor – the public policy favoring disposition of cases on their merits – always weighs against dismissal, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

After considering the relevant factors, the Court finds that dismissal with prejudice is appropriate. See Scott v. Vasquez, 2009 WL 4907031, at *8 (C.D. Cal. Dec. 11, 2009) (dismissing action with prejudice pursuant to Rule 41(b) where the plaintiff failed to file an opposition to defendants' motion for summary judgment). For the foregoing reasons, this action is dismissed with prejudice.

It is so ordered.

Dated: *November 27, 2017*

Cormac J. Carney
United States District Judge

---

[1] A motion for summary judgment may not be granted based solely upon the failure to oppose it. See, e.g., Heinemann v. Satterberg, 731 F.3d 914, 916-917 (9th Cir. 2013); C.D. Cal. L.R. 7-12. Nevertheless, the failure to oppose a summary judgment motion may warrant dismissal under Rule 41(b). See Waller v. United States, 2014 WL 896718, at *2 (C.D. Cal. Jan. 22, 2014) (dismissing pursuant to Rule 41(b) based upon the plaintiff's failure to oppose a motion to dismiss, and distinguishing Heinemann on the basis that the court was not making factual findings regarding the merits of the plaintiff's claims); Scott v. Vasquez, 2009 WL 4907031, at *6 n. 6 (C.D. Cal. Dec. 11, 2009) (dismissing pursuant to Rule 41(b) for failure to oppose a summary judgment motion, and distinguishing between such a dismissal and the granting of a summary judgment motion).